# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

CHARLES LOUIS GATHRIGHT,

        Defendant-Appellant.

UNPUBLISHED
January 26, 2016

No.  323315
Wayne Circuit Court
LC No.  14-003624-FC

Before:  STEPHENS, P.J., and HOEKSTRA and SERVITTO, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of three counts of first-degree criminal sexual conduct (CSC I) (with a person under the age of 13), MCL 750.520b(1)(a), one count of second-degree criminal sexual conduct (CSC II) (with a person under 13 years of age), MCL 750.520c(1)(a), and one count of assault with intent to commit criminal sexual conduct, MCL 750.520g(1).  Defendant was sentenced to 25 to 30 years' imprisonment for each CSC I conviction, 10 to 15 years' imprisonment for his CSC II conviction, and 5 to 10 years' imprisonment for his assault with intent to commit criminal sexual conduct conviction.  The sentences were each subject to 31 days' jail credit for time served awaiting trial.  We affirm defendant's convictions and sentences but remand for entry of an amended judgment of sentence granting defendant his entitled time served jail credits.

Defendant sexually assaulted his granddaughter, NG, repeatedly from approximately late 2010 to late 2012.  NG was 10 years old when the assaults began in 2010, and 12 years old when they ended in 2012.  Defendant was initially charged in 2013 with four counts of CSC I and one count of CSC II.  Defendant remained in jail for 160 days from June 4, 2013, to November 11, 2013, as he was unable to furnish bond.  The prosecution dismissed the case on November 11, 2013, because it was unable to locate NG for trial.  Defendant was recharged on November 26, 2013 in the present case.

## I. ADMISSIBILITY OF HEARSAY STATEMENTS AND UNFAIR PREJUDICE

Defendant first argues that the trial court erred by admitting NG's statements to medical personnel because they constituted inadmissible hearsay and were unfairly prejudicial.  We disagree.

-1-

"In order to preserve the issue of improper admission of evidence for appeal, a party generally must object at the time of admission." *People v Knox*, 469 Mich 502, 508; 674 NW2d 366 (2004). Furthermore, "an objection based on one ground is usually considered insufficient to preserve an appellate attack based on a different ground." *People v Kimble*, 470 Mich 305, 309; 684 NW2d 669 (2004). Here, defense counsel lodged an objection to the introduction of the portion of the medical records that he characterized as the physician's conclusions or assessment. No objection was made to the statements attributed to the victim. Furthermore, defense counsel did not make any objection on MRE 403 grounds. Therefore, this issue is unpreserved for appellate review.

We review unpreserved claims of error for plain error affecting substantial rights. *People v Stevens*, 306 Mich App 620, 623; 858 NW2d 98 (2014). Plain error analysis requires three findings: 1) error, 2) that is plain, 3) which affects substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). A plain error will generally affect substantial rights when there is a showing of prejudice—"that the error affected the outcome of the lower court proceedings." *Id.* Once the three findings for plain error are met, "[r]eversal is warranted only when the plain . . . error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Id.* at 763-764 (citation and quotation marks omitted).

Under MRE 802, "[h]earsay is not admissible except as provided by these rules." However, MRE 803 lists numerous exceptions through which hearsay is admissible. In particular, MRE 803(4) permits admission of "[s]tatements made for purposes of medical treatment or medical diagnosis in connection with treatment. . . ." Such statements are defined as those "describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably necessary to such diagnosis and treatment." MRE 803(4). This Court has held that "[p]articularly in cases of sexual assault, in which the injuries might be latent, such as contracting sexually transmitted diseases or psychological in nature, and thus not necessarily physically manifested at all, a victim's complete history and a recitation of the totality of the circumstances of the assault are properly considered to be statements made for medical treatment." *People v Mahone*, 294 Mich App 208, 215; 816 NW2d 436 (2011).

Although hearsay evidence may be admissible through an exception, it must still pass muster under MRE 403, which provides that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." "Evidence is unfairly prejudicial when there exists a danger that marginally probative evidence will be given undue or preemptive weight by the jury." *People v Mardlin*, 487 Mich 609, 627; 790 NW2d 607 (2010) quoting *People v Crawford*, 458 Mich 376, 398; 582 NW2d 785.

At trial, NG testified about the abuse she suffered at defendant's hands. She testified that although she had three boyfriends during the time she lived at defendant's house, none of them had touched her in a sexual manner. Medical records from NG's examination at Beaumont and Children's Hospitals were also admitted, with one of the records showing that NG had told the

treating physician that her only sexual contact was with defendant. Defendant argues that NG's statement to her treating physician was not made for purposes of medical diagnosis or treatment under MRE 803(4).

We conclude that the trial court properly admitted NG's statements and that the statements were not unfairly prejudicial under MRE 403. The doctor at Children's Hospital treating NG noted in the "History of Present Illness" section of her report that defendant had been molesting NG and that she had no other sexual contact with anyone else. The record is clear that NG was at Children's Hospital because she was the victim of sexual assault. This Court has clearly held that a "victim's complete history and a recitation of the totality of the circumstances of the assault are properly considered to be statements made for medical treatment." *Mahone*, 294 Mich App at 215.

Furthermore, NG's statements are not unfairly prejudicial under MRE 403. NG's statements transcend the label of "marginally probative evidence," since they related to the elements of the crime. Furthermore, NG's statements to medical personnel were duplicative of her direct trial testimony and therefore, not prone to be given "undue or preemptive weight" by the jury. At trial, when asked whether she and "any of those boyfriends ever[] touch[ed] each other's bodies in a sexual way," NG replied "[n]o." The prosecutor did not highlight her statements during closing argument as being particularly special—only that they corroborated her in-court testimony.

## II. JAIL CREDITS FOR TIME SERVED AWAITING TRIAL

Defendant argues next that the trial court erred in failing to award defendant 160 days' jail credit for the time he served following his initial arrest for the same offense. The prosecution agrees with defendant that he is entitled to 160 days' jail credit for time served prior to his ultimate conviction and does not contest that this unpreserved error is plain and affects defendant's substantial rights. *Carines*, 460 Mich at 763. We agree.

Defendant further argues, alternatively, that because of ineffective assistance of counsel, he is entitled to the jail credits. Because we agree defendant is entitled to 160 days' credit based on the trial court's plain error, we need not address defendant's ineffective assistance of counsel claim.

We affirm defendant's convictions and sentences, but remand for entry of an amended judgment of sentence granting defendant his entitled time served jail credits. We do not retain jurisdiction.

/s/ Cynthia Diane Stephens
/s/ Joel P. Hoekstra
/s/ Deborah A. Servitto

-3-