# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

RONALD BENSON,

Defendant-Appellant.

UNPUBLISHED
April 19, 2016

No. 325032
Wayne Circuit Court
LC No. 14-005233-FH

Before: JANSEN, P.J., and SERVITTO and M. J. KELLY, JJ.

PER CURIAM.

Defendant was convicted by a jury of larceny in a building, MCL 750.360. Defendant was sentenced to two years' probation with the last 90 days to be served in jail. Defendant now appeals as of right. We affirm.

Defendant first argues that the evidence at trial was insufficient to support his conviction. We disagree.

A challenge to the sufficiency of the evidence supporting a criminal conviction is reviewed de novo. *People v Harverson*, 291 Mich App 171, 177; 804 NW2d 757 (2010). We consider the evidence in the light most favorable to the prosecution to determine whether a rational trier of fact could find that the prosecution proved the essential elements of the crime beyond a reasonable doubt. *People v Henderson*, 306 Mich App 1, 9; 854 NW2d 234 (2014). To sustain a conviction for larceny in a building, the prosecution must prove the following elements:

> [1] an actual or constructive taking of goods or property; [2] a carrying away or asportation; [3] the carrying away must be with a felonious intent; [4] the goods or property must be the personal property of another; [5] the taking must be without the consent and against the will of the owner; and [6] the taking must occur with in [sic] the confines of the building. [*People v Sykes*, 229 Mich App 254, 278; 582 NW2d 197 (1998).]

Larceny is a specific-intent crime, and felonious intent is the "intent to permanently deprive the owner of his property." *People v Cain*, 238 Mich App 95, 119-120; 605 NW2d 28 (1999) (quotation marks and citation omitted). "[T]he intent to permanently deprive includes the retention of property without the purpose to return it within a reasonable time or the retention of

-1-

property with the intent to return the property on the condition that the owner pay some compensation for its return." *Harverson*, 291 Mich App at 178. Intent may be inferred from the defendant's "words or from the act, means, or the manner employed to commit the offense." *People v Hawkins*, 245 Mich App 439, 458; 628 NW2d 105 (2001) (citation omitted). "[O]nly minimal circumstantial evidence is necessary to show . . . the requisite intent." *Harverson*, 291 Mich App at 178.

Viewing the evidence in a light most favorable to the prosecution, there was sufficient evidence for a rational jury to find that the elements of larceny in a building were proven beyond a reasonable doubt. It is not disputed that defendant took Deborah Smiley's purse and its contents from within her residence without her consent. Although Smiley's purse was returned to her, she testified that two of her cell phones that were in the purse were never returned. Defendant argues that he did not act with the intent to permanently deprive because he intended to return the purse within a reasonable time. Lisa Jones testified that she and defendant were about to return the purse when defendant was arrested, that defendant removed two cell phones from the purse first, and that defendant indicated the cell phones were his. Officer Joel Hutchinson testified that he found defendant in the passenger seat of a car with the purse lying between his legs. Defendant told Officer Hutchinson that the purse was Smiley's and that he took it because she scratched him in the face. The police then returned the purse to Smiley. We conclude that the evidence that defendant took Smiley's purse from her house and had it in his possession at the time the police apprehended him provides the minimal circumstantial evidence necessary to establish the requisite intent. See *Harverson*, 291 Mich App at 178. However, even if we were to credit the testimony that defendant may have been in the process of returning the purse, the evidence at trial supported beyond a reasonable doubt that he had no intent to return the two phones, which in turn permits a reasonable inference that he had the requisite intent. See *Hawkins*, 245 Mich App at 458. To the extent that defendant appears to argue that he had a right to keep the cell phones because they were his, he asks this Court to weigh the evidence and resolve conflicting testimony in his favor. But, when reviewing a challenge to the sufficiency of the evidence, this Court is required to resolve all conflicting evidence in favor of the prosecution. *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008). Moreover, the jury had the opportunity at trial to weigh the evidence and evaluate the credibility of the witnesses, and the Court does not interfere with this role of the jury. See *People v Stevens*, 306 Mich App 620, 628; 858 NW2d 98 (2014). Considering the evidence in the light most favorable to the prosecution, a jury could reasonably find that the two cell phones belonged to Smiley because they were in her purse and that defendant intended to permanently deprive her of those phones because they were never returned. This is more than minimal circumstantial evidence of defendant's intent. See *Harverson*, 291 Mich App at 178. The evidence was sufficient to support defendant's conviction. See *Henderson*, 306 Mich App at 9.

Defendant also argues that the verdict is against the great weight of the evidence and a new trial should be granted because the evidence supporting a finding that defendant intended to permanently deprive Smiley of her property was not credible. We disagree.

To preserve such a challenge, a criminal defendant must move for a new trial. See *People v Musser*, 259 Mich App 215, 218; 673 NW2d 800 (2003). A defendant who fails to move for a new trial based on this ground does not preserve the issue, and the issue is reviewed for plain error on appeal. *People v Cameron*, 291 Mich App 599, 618; 806 NW2d 371 (2011).

Here, defendant did not move for a new trial, so we review the issue for plain error. On plain-error review, the defendant has the burden to establish (1) "error"; (2) that was "plain," meaning "clear or obvious"; (3) and that affected the outcome of the lower court proceedings. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

> The test to determine whether a verdict is against the great weight of the evidence is whether the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand. "Conflicting testimony, even when impeached to some extent, is an insufficient ground for granting a new trial." "[U]nless it can be said that directly contradictory testimony was so far impeached that it 'was deprived of all probative value or that the jury could not believe it,' or contradicted indisputable physical facts or defied physical realities, the trial court must defer to the jury's determination." [*Musser*, 259 Mich App at 218-219 (alteration in original; citations omitted).]

While Smiley's testimony may have been impeached at trial, it was not contrary to indisputable physical facts or physical realities, and the conflicts in Smiley's stories did not deprive her testimony of "all probative value" or make it impossible for the jury to believe that two of her cell phones were not returned. See *Musser*, 259 Mich App at 219. Moreover, although there was conflicting testimony about who owned the cell phones, the jury had the opportunity to evaluate the credibility of the witnesses, and defendant had an opportunity to cross-examine Smiley. Consequently, there is not an adequate basis for granting a new trial. See *People v Lemmon*, 456 Mich 625, 646-647; 576 NW2d 129 (1998) (finding an inadequate basis for granting a new trial where the testimony of the victims and the defendant was directly contradictory). Defendant has failed to show plain error requiring reversal. See *Cameron*, 291 Mich App at 619 (holding that the defendant failed to show plain error on a great-weight-of-the-evidence challenge by arguing that the victim's statements during trial were inconsistent with her earlier statements to police).

Affirmed.

/s/ Kathleen Jansen
/s/ Deborah A. Servitto
/s/ Michael J. Kelly