# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

   Plaintiff-Appellee,

v

DEMARIO JALEN JOHNSON,

   Defendant-Appellant.

UNPUBLISHED
June 23, 2016

No. 326546
Wayne Circuit Court
LC No. 14-006491-FC

Before: METER, P.J., and SHAPIRO and O'BRIEN, JJ.

PER CURIAM.

Defendant appeals as of right his bench-trial convictions of assault with intent to do great bodily harm less than murder, MCL 750.84, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced defendant to 2 to 10 years' imprisonment for the assault conviction and to two years' imprisonment for the felony-firearm conviction. We affirm.

This case arose from the shooting of Teran Gordon, which occurred in Detroit on the evening of June 30, 2014. Defendant argues that the verdict was against the great weight of the evidence. We disagree.

A verdict is against the great weight of the evidence only when the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow it to stand. *People v Unger*, 278 Mich App 210, 232; 749 NW2d 272 (2008). We note that, after a bench trial, a defendant need not file a motion in order to preserve for appeal the argument that the verdict was against the great weight of the evidence. MCR 7.211(C)(1)(c).

To establish that a defendant committed an assault with intent to do great bodily harm less than murder, the prosecution must show: (1) an attempt or threat with force or violence to do corporal harm to another, and (2) an intent to do great bodily harm less than murder. *People v Stevens*, 306 Mich App 620, 628; 858 NW2d 98 (2014). For a conviction of felony-firearm, the prosecution must show that a defendant possessed a firearm during the commission of a felony or the attempt to commit a felony. *People v Akins*, 259 Mich App 545, 554; 675 NW2d 863 (2003). Here, defendant does not directly attack the elements of the charged crimes. Instead, defendant challenges the credibility of the prosecution's witnesses. Specifically, defendant contends that "the quality and quantity of the evidence was totally insufficient to suggest

-1-

[defendant] was involved in these offenses" and that the prosecution's witnesses were inherently not credible in identifying defendant as the shooter.

Generally, questions of witness credibility are for the factfinder. *Unger*, 278 Mich App at 232. Witness credibility is determined by more than just words, and may include such clues such as tonal quality, volume, speech patterns, and a witness's demeanor. *People v Lemmon*, 456 Mich 625, 646; 576 NW2d 129 (1998). As a result, conflicts in witness testimony and questions regarding witness credibility are generally insufficient grounds for a new trial. See *id*. at 647. In this case, the trial court acted as the factfinder in defendant's bench trial and properly concluded that the prosecution's favorable witnesses were credible before finding defendant guilty of assault with intent to do great bodily harm less than murder and felony-firearm. The trial court was in the best position to consider credibility because it was able to observe and hear the witness testimony. *Id*. at 646.

In considering all the facts and circumstances, the court found the testimony of two prosecution witnesses, Jasmine Ross and Angelica McCraw, credible because neither Ross nor McCraw appeared to have a motive to lie for Gordon. The court reasoned that because Gordon displayed a lack of interest regarding who shot him, there would be no need for either Ross or McCraw to lie for him. The court's findings were reasonable, and the record supports Ross's and McCraw's identifications of defendant as the shooter. Ross recognized the shooter immediately when an SUV pulled up in front of the house where the incident occurred. There was no reason to question her ability to see defendant, because Ross testified that it was still light outside and she stood on an elevated porch where she could see clearly into the vehicle. Further, Ross testified that she recognized defendant because he was a classmate she knew as "Oreo." When later shown a photographic array, Ross again identified defendant as the shooter. Additionally, the record did not reveal any potential bias Ross may have against defendant. Consistent with Ross's testimony, McCraw described the facts and circumstances surrounding the shooting. McCraw testified that she was also on the porch when the SUV pulled up and witnessed the shooting. Although McCraw had never seen defendant before, she testified that when she ran up to Gordon after the shooting, he identified the shooter as "Oreo." McCraw also identified defendant as the shooter at trial.

The court also noted problematic issues with the defense. First, there was inconsistent testimony between two defense witnesses, Dejuana Sewell and Petronia Johnson, regarding the details of defendant's birthday party. Sewell had testified that defendant arrived at the party around 3:00 p.m. and never left. In contrast, Johnson testified that she was at the party around 4:30 p.m. when she received a telephone call from defendant and that he did not arrive until later. The court noted that it believed Sewell had been lying, and it further indicated that it did not believe that defendant would fail to mention his birthday party when questioned by police after the crime.

It is well settled that we "will not interfere with the trier of fact's role of determining the weight of the evidence or the credibility of witnesses." *People v Eisen*, 296 Mich App 326, 331; 820 NW2d 229 (2012), quoting *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008). In fact, we must give deference to the trier of fact's determination of credibility unless there was material testimony that contradicted indisputable physical facts or laws, defied physical realities, was patently incredible, was so inherently implausible that it could not be

believed by a reasonable juror, or was seriously impeached in a case marked by uncertainties and discrepancies. *Lemmon*, 456 Mich at 642-644. That was not the case here. The trial court's decision was reasonable in light of the testimony. The evidence at trial did not preponderate so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand.

Affirmed.

/s/ Patrick M. Meter
/s/ Douglas B. Shapiro
/s/ Colleen A. O'Brien