# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

LEROY DAVIS, JR.,

Defendant-Appellant.

UNPUBLISHED
November 16, 2017

No. 334595
Kent Circuit Court
LC No. 15-008716-FH

Before: HOEKSTRA, P.J., and STEPHENS and SHAPIRO, JJ.

PER CURIAM.

Defendant was convicted by a bench trial of assault with intent to do great bodily harm less than murder ("AWIGBH"), MCL 750.84, but found mentally ill. He was sentenced as a fourth-offense habitual offender, MCL 769.12, to 25 to 50 years' imprisonment. He appeals as of right. Because the evidence was sufficient to support defendant's conviction, we affirm.

This case arises from an assault that occurred on a public bus in Grand Rapids, Michigan. Defendant, a passenger sitting in the back of the bus, moved to the front of the bus to exit and walked past the 69-year-old victim, who was sitting in the handicapped-seating area. Defendant had a small, sharp object in his hand. Upon approaching the victim, defendant swung and struck the victim one time in the neck near the jaw, resulting in a puncture wound about a centimeter from the victim's carotid artery and jugular vein. The attack was captured on video by cameras on the bus. After the assault, defendant exited the bus and jogged away. Later that day, defendant was apprehended by law enforcement. While being transported to jail, defendant told police that he "stabbed somebody." At trial, defendant presented an insanity defense. Following the bench trial, the trial court concluded that defendant was guilty of AWIGBH, but mentally ill. Defendant now appeals as of right.

On appeal, defendant argues that the evidence presented at trial was insufficient to support his conviction. Specifically, defendant contends that the prosecutor failed to establish that he intended to do great bodily harm. Defendant emphasizes that he made no threats and gave no verbal indication that he wished to do great bodily harm. Further, according to defendant, he is a "big guy" and had he wanted to "beat [the victim] senseless" he could have done so. Instead, he simply struck the victim once, near the victim's ear. Defendant maintains that such conduct does not evince an intent to do great bodily harm. We disagree.

-1-

Following a bench trial, we review de novo a challenge to the sufficiency of the evidence. *People v Ventura*, 316 Mich App 671, 678; 894 NW2d 108 (2016). "The evidence is viewed in a light most favorable to the prosecution to determine whether the trial court could have found that the essential elements of the crime were proven beyond a reasonable doubt." *People v Lanzo Const Co*, 272 Mich App 470, 474; 726 NW2d 746 (2006). "Circumstantial evidence and reasonable inferences that arise from such evidence can constitute satisfactory proof of the elements of the crime." *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008). "This Court will not interfere with the trier of fact's role of determining the weight of the evidence or the credibility of witnesses." *Id.*; see also MCR 2.613(C).

To prove AWIGBH under MCL 750.84, the following elements must be established beyond a reasonable doubt: "(1) an attempt or offer with force or violence to do corporeal hurt to another (an assault), (2) coupled with an intent to do great bodily harm less than murder." *People v Lugo*, 214 Mich App 699, 710; 542 NW2d 921 (1995). "This Court has defined the intent to do great bodily harm as 'an intent to do serious injury of an aggravated nature.'" *People v Brown*, 267 Mich App 141, 147; 703 NW2d 230 (2005) (citation omitted). Given the difficulty in proving an actor's intent, "minimal circumstantial evidence will suffice to establish the defendant's state of mind, which can be inferred from all the evidence presented." *Kanaan*, 278 Mich App at 622. For example, intent to cause great bodily may be inferred from the defendant's conduct, the use of a weapon, and the nature of the injuries, if any, suffered by the victim. *People v Stevens*, 306 Mich App 620, 629; 858 NW2d 98 (2014).

In this case, in finding defendant guilty, but mentally ill, of AWIGBH, the trial court determined that defendant "forcefully and violently swung and struck the victim in the neck." This action resulted in a puncture wound to the victim's neck, from which the trial court determined that defendant used a sharp object as a weapon, though the exact weapon remained unknown. Emphasizing the proximity of the wound to the victim's carotid artery and jugular vein, the trial court concluded that the potential for harm to the victim was "quite dire." The victim's injury was serious enough that it required a pressure bandage to stop the bleeding and overnight hospitalization. Reasoning that great bodily injury, or even being killed, is a natural consequence of being stabbed in the neck and that defendant intended the consequences of his acts, the trial court concluded that, by inflicting a puncture wound to the victim's neck, defendant intended to cause great bodily harm.

Given the deference due to the trial court's determinations regarding witness credibility and the weight of the evidence, there is clearly no merit to defendant's sufficiency claim. Viewing the evidence in a light most favorable to the prosecution, the evidence shows that defendant used a sharp object to stab the victim in the neck, in close proximity to the victim's carotid artery and jugular veins. While the weapon was never found, the trial court's conclusion that a sharp object was used was supported by testimony from the treating physician, who stated that it would be "extremely difficult for someone to strike someone hard enough to break the skin without a foreign body in his hand." The physician described the victim's wound as having "sharp, well-defined edges," that could have been caused by a key or a knife. Defendant also specifically told police that he "stabbed" someone. Additionally, as found by the trial court after watching the video of the attack, defendant "forcefully and violently swung and struck the victim." As discussed by the trial court, a natural consequence of "forcefully and violently" striking someone in the neck with a sharp object is at the very least great bodily harm. Indeed,

the injury in this case was only centimeters away from hitting the carotid artery and the jugular vein, and, according to medical testimony, striking either the carotid artery or the jugular vein could easily have lethal consequences. The medical expert also explained that defendant came within a centimeter or two of striking a nerve that would have led to paralysis of the side of the victim's face. After the assault, rather than provide assistance to the injured and bleeding victim, defendant fled the scene, ran home, and changed his clothes. Considering all the evidence presented, particularly defendant's use of a sharp object to forcefully puncture the victim's neck, the evidence was sufficient to prove that defendant had the requisite intent to commit assault with intent to do great bodily harm less than murder. See *Stevens*, 306 Mich App at 629. Thus, the evidence was sufficient to support his conviction for AWIGBH.

Affirmed.

/s/ Joel P. Hoekstra
/s/ Cynthia Diane Stephens
/s/ Douglas B. Shapiro