# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

JASON EUGENE GATES,

       Defendant-Appellant.

UNPUBLISHED
August 30, 2018

No.  338437
Wayne Circuit Court
LC No.  16-006367-01-FC

---

Before:  CAMERON, P.J., and RONAYNE KRAUSE and TUKEL, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of assault with intent to do great bodily harm less than murder (AWIGBH), MCL 750.84, carrying a weapon with unlawful intent, MCL 750.226, felon in possession of a firearm (felon-in-possession), MCL 750.224f, and possession of a firearm during the commission of a felony (felony-firearm) (second offense), MCL 750.227b.  The trial court sentenced defendant to 50 months to 10 years' imprisonment for the AWIGBH conviction, time served for the carrying a weapon with unlawful intent and felon-in-possession convictions, and a consecutive five-year sentence for the felony-firearm (second offense) conviction, with credit for 99 days served in jail.  We affirm.

This case arises from a shooting that occurred on October 26, 2015, in Detroit, Michigan. At trial, the prosecution presented eyewitness testimony from the victim, Lawrence Gales, and his mother, Latrice Ellis, who stated that they saw defendant pull out a gun and shoot the victim during an altercation.  However, another witness called by the prosecution, Herbert Winston, testified that defendant was in front of Winston's vehicle at the time of the shooting and the shots came from behind his vehicle.

Defendant argues that the evidence presented at trial was insufficient to support his convictions because the evidence did not establish beyond a reasonable doubt that he was the shooter.  We disagree.

When reviewing a claim of insufficient evidence, we review the record de novo.  *People v Murphy*, 321 Mich App 355, 358; 910 NW2d 374 (2017).  "[W]e review the evidence in a light most favorable to the prosecutor to determine whether any trier of fact could find the essential elements of the crime proven beyond a reasonable doubt."  *People v Williams*, 294 Mich App 461, 471; 811 NW2d 88 (2011) (citation and quotation marks omitted).

-1-

Due process in a criminal case requires a prosecutor to produce sufficient evidence to warrant the trier of fact in finding that each element of the charged offense was proved beyond a reasonable doubt. *People v Harverson*, 291 Mich App 171, 175; 804 NW2d 757 (2010). However, the prosecution "is not obligated to disprove every reasonable theory consistent with innocence to discharge its responsibility; it need only convince the jury in the face of whatever contradictory evidence the defendant may provide." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000) (citation and quotation marks omitted).

"The elements of AWIGBH are (1) an attempt or threat with force or violence to do corporal harm to another (an assault), and (2) an intent to do great bodily harm less than murder." *People v Stevens*, 306 Mich App 620, 628; 858 NW2d 98 (2014) (citation and quotation marks omitted). The elements of carrying a weapon with unlawful intent are "(1) carrying a firearm or dangerous weapon, (2) with the intent to unlawfully use the weapon against another person." *People v Mitchell*, 301 Mich App 282, 292; 835 NW2d 615 (2013) (citation, quotation marks, and emphasis omitted). The elements of felon-in-possession are "(1) defendant is a felon who possessed a firearm (2) before his right to do so was formally restored under MCL 28.424." *People v Bass*, 317 Mich App 241, 267-268; 893 NW2d 140 (2016). The elements of felony-firearm (second offense) are "(1) the defendant attempted to commit a felony or committed a felony (2) while he or she had a firearm in her or her possession, and (3) the defendant had a separate felony-firearm conviction." *People v Bryant*, 319 Mich App 207, 212; 900 NW2d 360 (2017). Defendant, however, only challenges his identity as the perpetrator of the offenses. "[I]dentity is an element of every offense." *People v Yost*, 278 Mich App 341, 356; 749 NW2d 753 (2008).

Both the victim and Ellis testified that they saw defendant shoot the victim. Defendant also had a possible motive to shoot the victim based on the injuries he received from the victim during their altercation a few days before the shooting. Evidence of a defendant's motive to commit the charged crimes is relevant to establishing identity. *People v Sabin (After Remand)*, 463 Mich 43, 68; 614 NW2d 888 (2000). Defendant relies on the fact that Winston testified that he did not see who was shooting, but he heard the shots come from behind his car while defendant was in front of his car at the time. Defendant contends that the conflicting testimony "clearly established reasonable doubt" that he was the shooter. "However, it is for the jury to determine witness credibility and resolve inconsistencies of testimony." *Harverson*, 291 Mich App at 179. Moreover, in reviewing the sufficiency of the evidence, "[a]ll conflicts in the evidence must be resolved in favor of the prosecution and we will not interfere with the jury's determinations regarding the weight of the evidence and the credibility of the witnesses." *People v Unger*, 278 Mich App 210, 222; 749 NW2d 272 (2008). Based on the convictions, the jury appears to have determined that Ellis and the victim were more credible than Winston, and we will not interfere with that determination.

Defendant's further reliance on the fact that the spent casings and the bloody towel were found behind the car is similarly misplaced. Defendant is correct that the location of the casings and towel suggest that the shooting occurred behind the car. Ellis's testimony, however, also established that the shooting occurred behind Winston's car. Ellis testified that the shooting occurred when defendant and the victim were fighting near the gate, which, according to the victim, was located half-way up the driveway. The testimony further established that Winston's car was backed into the driveway but remained closer to the street. Thus, there was no real

dispute that the shooting occurred behind Winston's car, near the gate. The only dispute was whether defendant was in front of the car when the shooting occurred, as Winston testified. Again, it was the responsibility of the jury to determine which testimony was more credible. *Harverson*, 291 Mich App at 179. Based on the convictions, the jury obviously found Ellis more credible, and we will not interfere with that determination. *Unger*, 278 Mich App at 222.

Therefore, when viewed in light most favorable to the prosecution, the testimonial evidence presented at trial could convince a rational trier of fact beyond a reasonable doubt that defendant was the person who shot the victim. Accordingly, there was sufficient evidence to support defendant's convictions.

Affirmed.

/s/ Thomas C. Cameron
/s/ Amy Ronayne Krause
/s/ Jonathan Tukel

-3-