*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DANNY DARNELL WHITE JR.,

        Defendant-Appellant.

UNPUBLISHED
June 11, 2025
2:21 PM

No. 365749
Macomb Circuit Court
LC No. 22-001202-FC

Before: MARIANI, P.J., and MALDONADO and YOUNG, JJ.

PER CURIAM.

Defendant appeals by right his convictions by a jury of first-degree premeditated murder, MCL 750.316(1)(a); felon in possession of a firearm (felon-in-possession), MCL 750.224f; and two counts of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant was sentenced as a fourth-offense habitual offender, MCL 769.12, to life imprisonment without the possibility of parole for first-degree murder; two to five years' imprisonment for felon-in-possession; and two years' imprisonment for each felony-firearm conviction. We affirm.

## I. FACTUAL BACKGROUND

This case arises out of the September 28, 2021 shooting death of the victim. Defendant was a friend of the victim, and the victim regularly sold him marijuana. At the time of the victim's death, defendant owed the victim $625. A neighbor's security camera established that at 8:40 p.m. on the night of the murder, defendant's vehicle pulled in front of the victim's home. An individual entered the home, then exited at 9:01 p.m. The vehicle then drove away with its headlights off.

The next morning, the victim's body was found in his basement by his children. After conducting a search of the area, police discovered a vape pen in the victim's hand and two handguns stored in lockboxes in a nearby closet. No other weapons were present. An autopsy revealed that the victim's cause of death was multiple gunshot wounds, fired from as close as 2½ to 3 feet away from the victim; the manner of death was ruled a homicide.

-1-

Defendant was subsequently interviewed by police. Initially, defendant denied involvement, but he eventually changed his story and admitted to shooting the victim, explaining that he did so in self-defense. Defendant stated that the victim pointed a large gun at him and threatened to shoot him if he did not pay him the money owed. The interview video was played for the jury during trial. Defendant testified at trial in his own defense. The jury found defendant guilty of first-degree premediated murder, felon-in-possession, and two counts of felony-firearm. Defendant was sentenced as stated. This appeal followed.

## II. SUFFICIENCY OF THE EVIDENCE

Defendant first argues that the evidence presented at trial was insufficient to support his first-degree murder conviction—namely, to establish premeditation and to disprove his claim on self-defense. We disagree.

"We review de novo challenges to the sufficiency of the evidence, examining the evidence in a light most favorable to the prosecution to determine whether a rational trier of fact could have found every essential element proved beyond a reasonable doubt." *People v Mitchell*, 301 Mich App 282, 289-290; 835 NW2d 615 (2013).

"Circumstantial evidence and reasonable inferences arising therefrom may be sufficient to prove the elements of a crime." *People v Nelson*, 234 Mich App 454, 459; 594 NW2d 114 (1999). The prosecution "is not obligated to disprove every reasonable theory consistent with innocence to discharge its responsibility; it need only convince the jury in the face of whatever contradictory evidence the defendant may provide." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000) (quotation marks and citation omitted). "A jury is free to believe or disbelieve, in whole or in part, any of the evidence presented. The jury may choose to believe part of a witness's testimony and disbelieve another part of the same witness's testimony." *People v Baskerville*, 333 Mich App 276, 283-284; 963 NW2d 620 (2020) (quotation marks, citations, and alteration omitted). "All conflicts in the evidence are resolved in favor of the prosecution. This Court will not interfere with the trier of fact's determinations regarding the weight of the evidence or the credibility of witnesses." *People v Stevens*, 306 Mich App 620, 628; 858 NW2d 98 (2014) (citations omitted).

## A. PREMEDITATION

We do not see merit in defendant's claim that the evidence presented at trial was insufficient to support a conviction of first-degree murder under a theory of premeditation.

"The elements of first-degree murder are (1) the intentional killing of a human (2) with premeditation and deliberation." *People v Bennett*, 290 Mich App 465, 472; 802 NW2d 627 (2010); see also MCL 750.316(1)(a). "To premeditate is to think about beforehand; to deliberate is to measure and evaluate the major facets of a choice or problem." *People v Bass*, 317 Mich App 241, 266; 893 NW2d 140 (2016) (quotation marks and citation omitted). "Premeditation cannot be found where a defendant acts on a sudden impulse. . . . However, premeditation may be established by circumstantial evidence tending to show that a defendant had an opportunity to think about, evaluate, or take a second look at their actions. The opportunity must be adequate, but it need not be long." *People v Walker*, 330 Mich App 378, 383-384; 948 NW2d 122 (2019) (quotation marks and citations omitted).

"Premeditation and deliberation may be inferred . . . , but the inferences must have support in the record and cannot be arrived at by mere speculation." *Bass*, 317 Mich App at 266 (quotation marks and citation omitted). Factors that may establish premeditation include: "(1) the prior relationship of the parties; (2) the defendant's actions before the killing; (3) the circumstances of the killing itself; and (4) the defendant's conduct after the homicide." *Walker*, 330 Mich App at 384 (quotation marks and citations omitted).

The record in this case demonstrates that there was sufficient evidence presented at trial from which a reasonable jury could determine that defendant "had an opportunity to think about, evaluate, or take a second look at [his] actions." *Id*. at 383. To start, the parties had a preexisting relationship; defendant and the victim were friends before the killing, and the victim regularly sold defendant marijuana. At the time of the victim's death, defendant owed the victim $625 for unpaid marijuana sales. Moreover, defendant and the victim exchanged text messages in the week leading up to the victim's death, which indicated that the victim was seeking out the unpaid debt and that defendant had attempted to visit the victim on the day before the killing. Defendant also admitted that he deliberately brought a gun to the victim's home on the night he shot the victim. And, the evidence presented at trial would allow a reasonable jury to infer that, contrary to defendant's version of events, the victim was unarmed at the time of his death—the only weapons found in the victim's home were two handguns stored in lockboxes inside a closet, and police found only a vape pen in the hand of the victim. See *Stevens*, 306 Mich App at 628. Finally, the evidence established that defendant fired his gun several times (the victim's autopsy report revealed seven gunshot wounds) and from as close as 2½ to 3 feet away from the victim. This evidence, when viewed (as it must be) in the light most favorable to the prosecution, was sufficient to permit a jury to conclude beyond a reasonable doubt that defendant acted with premeditation in shooting the victim. *Mitchell*, 301 Mich App at 289-290.

## B. SELF-DEFENSE

We likewise do not see merit in defendant's claim that the evidence presented at trial was insufficient to disprove his theory of self-defense.

An individual accused of homicide may, under certain conditions, present a claim of self-defense at trial. *People v Riddle*, 467 Mich 116, 126; 649 NW2d 30 (2002); MCL 780.971 *et seq.* To justify or excuse what would otherwise be an unlawful homicide, the defendant must present evidence that: (1) he or she honestly and reasonably believed that he or she was in imminent danger, (2) the danger feared was death or serious bodily harm, (3) the action taken appeared at the time to be immediately necessary, and (4) he or she was not the initial aggressor. *Riddle*, 467 Mich at 126-127. "[O]nce [a] defendant injects the issue of self-defense and satisfies the initial burden of producing some evidence from which a jury could conclude that the elements necessary to establish a prima facie defense of self-defense exist," "the prosecution bears the burden of disproving the common law defense of self-defense beyond a reasonable doubt." *People v Dupree*, 486 Mich 693, 709-710; 788 NW2d 399 (2010).

In this case, the prosecution presented sufficient evidence from which a rational jury could conclude beyond a reasonable doubt that defendant did not act in self-defense when he shot the victim. In support of his defense, defendant testified that the victim pointed a large gun at him and threatened him; according to defendant, the victim cocked the gun and walked toward him, while

screaming and acting aggressively. Defendant claimed that he was scared that he would not make it out of the victim's basement alive. As discussed, however, the prosecution presented evidence from which a jury could infer that the victim was, in fact, unarmed. Defendant testified that the victim held a large gun—larger than an ordinary handgun—but no such weapon was found at the crime scene. The evidence instead established that the victim owned two guns (both handguns) which were found secured in lockboxes at the crime scene. There was evidence that the victim was holding a vape pen in his hand when he died, but defendant did not suggest that he mistook the vape pen for a weapon. Nor was there any evidence or testimony of any kind of physical altercation.

From this evidence, a reasonable jury could conclude that defendant's self-defense theory was not credible. See *Baskerville*, 333 Mich App at 283-284 (discussing the right of a jury to disbelieve self-serving testimony). We will not interfere with such a credibility determination. See *Stevens*, 306 Mich App at 628. The record, when viewed in the light most favorable to the prosecution, shows that the prosecution satisfied its burden of disproving defendant's self-defense claim beyond a reasonable doubt. *Mitchell*, 301 Mich App at 289-290.

## III. RULE OF COMPLETENESS

Finally, defendant argues that the trial court violated the rule of completeness by not allowing him to discuss the victim's drug debt during his testimony. We disagree.

"A trial court's decision to admit evidence is reviewed by the Court of Appeals for abuse of discretion." *People v Leversee*, 243 Mich App 337, 348; 622 NW2d 325 (2000). "A trial court abuses its discretion when it selects an outcome that falls outside the range of reasonable and principled outcomes." *People v Clark*, 330 Mich App 392, 415; 948 NW2d 604 (2019).

During defendant's testimony at trial, he stated that the victim told him that he owed some people $6- to 7,000, and that they were "on [his] back." The trial court had previously admitted video of defendant's police interview, during which he mentioned this claim several times. At trial, the prosecution objected to defendant's testimony on hearsay grounds and the trial court agreed that the statement was hearsay and that no exceptions applied. On appeal, defendant does not challenge whether the statement was hearsay or whether any hearsay exceptions may have applied. Instead, defendant frames his argument under MRE 106's rule of completeness, contending that he should have been given the opportunity to comment on the video, as the prosecution was able to do.

Under MRE 106,[1] "[w]hen a *writing or recorded statement or part thereof* is introduced by a party, an adverse party may require the introduction at that time of *any other part or any other writing or recorded statement* which ought in fairness to be considered contemporaneously with it." (Emphasis added.)

---

[1] Our Supreme Court revised the Michigan Rules of Evidence effective January 1, 2024. See 512 Mich lxiii (2023). We cite the version of the rules in effect at the time of defendant's trial.

We find that defendant's reliance on the rule of completeness is misplaced.  "[T]he rule of completeness only pertains to the admissibility of writings or recorded statements[.]"  *People v Solloway*, 316 Mich App 174, 201; 891 NW2d 255 (2016).  This issue on appeal concerns the admissibility of statements made by defendant during his trial testimony.  Defendant is not challenging the admissibility of a writing or recorded statement.  Except for certain agreed-upon redactions not relevant to this issue, defendant's police interview was played for the jury in its entirety.  The rule of completeness is not implicated, and defendant has failed to show error on its basis.

Affirmed.

/s/ Philip P. Mariani
/s/ Allie Greenleaf Maldonado
/s/ Adrienne N. Young