COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

PATRICK DEWAYNE WILSON,

Defendant-Appellant.

UNPUBLISHED
October 20, 2016

No. 328047
Wayne Circuit Court
LC No. 14-009079-FC

Before: GADOLA, P.J., and BORRELLO and STEPHENS, JJ.

PER CURIAM.

Following a bench trial, defendant was convicted of unlawful imprisonment, MCL 750.349b, assault with intent to do great bodily harm less than murder, MCL 750.84, and assault by strangulation, MCL 750.84(1)(b). He was sentenced as a fourth habitual offender, MCL 769.12, to 15 to 30 years' imprisonment for each conviction. Defendant appeals as of right. For the reasons set forth in this opinion, we affirm the convictions and sentences of defendant.

I. BACKGROUND

This appeal arises out of a domestic assault that occurred on September 24, 2014, between defendant and his wife, Algina Wilson. At defendant's trial, Algina testified that defendant choked her with an exercise cord and that, after seeing a knife in his hand pointed toward her stomach, she believed he was going to stab her. She used her hands to block the knife and sustained severe injuries to her hands in the process. Algina indicated that she lost consciousness after cutting her hands and, when she woke up, defendant swallowed a bottle of prescription pills before eventually allowing her to leave the house. By contrast, defendant testified that Algina threatened him on the date of the incident, then attacked him with a knife as he was putting away laundry. According to defendant, Algina cut her hands when he tried to remove it from her hands. Defendant admitted that he put his hands on her neck in anger, but asserted that he was acting in self-defense.

After both parties rested and made their closing arguments, the trial court adjourned the trial to review the medical records and photographic exhibits presented by the prosecutor, and advised the parties that the court would announce a verdict the following week. When the trial recommenced four days later, defense counsel moved to reopen the proofs for the purpose of providing character evidence regarding defendant's character for truthfulness and being a law-abiding citizen. Noting that it had already reached a decision in the matter, the trial court denied

defendant's motion and found defendant guilty of unlawful imprisonment, assault with intent to do great bodily harm less than murder, and assault by strangulation. This appeal then ensued.

## II. ANALYSIS

On appeal, defendant argues two related claims of error. First, defendant argues that the trial court erred by denying his motion to reopen the proofs because the character evidence was critical to the success of his self-defense theory. Alternatively, defendant asserts that he was denied the effective assistance of counsel when his trial counsel failed to properly interview or call his mother, Elma Jean Wilson Thomas, to testify as a character witness on defendant's behalf.

This Court reviews a trial court's ruling on a motion to reopen proofs for an abuse of discretion. *People v Herndon*, 246 Mich App 371, 419; 633 NW2d 376 (2001). "An abuse of discretion occurs when the court chooses an outcome that falls outside the range of reasonable and principled outcomes." *People v Bergman*, 312 Mich App 471, 483; 879 NW2d 278 (2015), quoting *People v Unger*, 278 Mich App 210, 216; 749 NW2d 272 (2008). It is within the sound discretion of the trial court whether to allow a party to reopen the proofs after having rested. *People v Solomon*, 220 Mich App 527, 532; 560 NW2d 651 (1996), citing *People v Collier*, 168 Mich App 687, 694; 425 NW2d 118 (1988). The trial court should consider "whether any undue advantage would be taken by the moving party and whether there is any showing of surprise or prejudice to the nonmoving party." *Herndon*, 246 Mich App at 420. When this Court reviews a trial court's exercise of discretion in this regard, several factors are pertinent, including "whether conditions have changed or undue advantage would result, whether newly discovered and material evidence is sought to be admitted, whether surprise would result, and the timing of the motion during the trial." *People v Moore*, 164 Mich App 378, 383; 417 NW2d 508 (1987), mod on other grounds by 433 Mich 851 (1989).

In *Collier*, this Court found an abuse of discretion where the trial court denied the defendant's request to reopen the proofs for testimony from a late-arriving character witness. *Collier*, 168 Mich App at 694, 697. After both parties had rested, but before closing arguments were made, defense counsel moved to reopen the proofs to proffer character evidence. *Id*. at 694. In support of its conclusion that the trial court abused its discretion by denying the defendant's motion, the *Collier* court noted the following: the defendant's character for truthfulness and honesty was particularly relevant because his testimony regarding the altercation was completely disparate with the account provided by the complaining witness; the court had ruled that the defendant's previous character witness did not provide proper character evidence and, therefore, did not issue a character evidence instruction to the jury; having cross-examined defendant's previous character witness, the prosecutor was on notice that character evidence would be introduced in the case; and the request was made before closing arguments were made or jury instructions were issued. *Id*. at 695-696.

The facts presented in this case are far different than the facts presented to this Court in *Collier*. By way of example, in this matter, defendant failed to make his request until after closing arguments. Next, defendant never named his character witness, and he failed to notify the prosecutor that character evidence was likely to be introduced. Additionally, defendant never demonstrated, or even suggested that the reason for bringing such a late request was based on a

change of circumstances or newly discovered evidence which would warrant the reopening of proofs. Moreover, in this case, had the trial court granted defendant's motion, he likely would have received an unfair advantage. In moving to reopen the proofs, defense counsel explained that defendant wished to call character witnesses regarding his own character, as well as Algina's character, because he was not happy with the pretrial investigation or his communications with defense counsel. On appeal, defendant identified only one witness—Thomas—who would have provided such testimony. However, Thomas attended the trial, had spoken to defense counsel on several occasions, and could have been called to testify before the proofs were closed. Thus, this was not a situation involving a late-arriving witness or newly discovered evidence, but rather defendant's attempt to take a second bite at the apple.

Following our review of the record and the reasons set forth by the trial court in rendering its opinion relative to the reopening of proofs, we cannot find that the trial court abused its discretion by denying defendant's request to reopen the proofs for purposes of presenting character evidence from an arguably biased witness, which was made just before the trial court announced its verdict and without any suggestion that the conditions had changed or new evidence had been discovered. Furthermore, contrary to his assertions on appeal, in so ruling, the trial court did not deprive defendant of his right to present a defense because defendant's self-defense theory was presented to the trial court by way of defendant's testimony, defense counsel's cross-examination of Algina, and defense counsel's closing argument. See *People v Dixon*, 263 Mich App 393, 398; 688 NW2d 308 (2004) (finding that the defendant was not deprived of a substantial defense where defense counsel raised the defense through cross-examination of the complainant and in his closing argument). Accordingly, defendant is not entitled to relief on this issue.

Next, defendant argues that his counsel's failure to interview his mother and call her to the witness stand constituted ineffective assistance of counsel. To preserve a claim of ineffective assistance of counsel, the defendant must bring a motion for a new trial or request a *Ginther*[1] hearing to establish the basis for his claim. *People v Sabin (On Second Remand)*, 242 Mich App 656, 658; 620 NW2d 19 (2000). Defendant failed to request a new trial or *Ginther* hearing in the trial court, and this Court denied his motion to remand for that purpose. Therefore, this issue is not preserved for appeal.

Ineffective assistance of counsel claims present a mixed question of fact and constitutional law. *People v Jordan*, 275 Mich App 659, 667; 739 NW2d 706 (2007). Findings of fact are generally reviewed for clear error, and rulings on questions of constitutional law are reviewed de novo. *Id*. However, when the defendant's ineffective assistance of counsel claim was not preserved at the trial court level, as is the case here, this Court's review is limited to errors that are apparent from the record on appeal. *People v Matuszak*, 263 Mich App 42, 48; 687 NW2d 342 (2004).

To establish a claim of ineffective assistance of counsel, the defendant must show that: (1) counsel's representation at the proceeding "fell below an objective standard of

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

reasonableness"; and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome of the proceeding would have been different. *People v Vaughn*, 491 Mich 642, 670; 821 NW2d 288 (2012), citing *Strickland v Washington*, 466 US 668, 688-694; 104 S Ct 2052; 80 L Ed 2d 674 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001), quoting *Strickland*, 446 US at 694. This Court presumes that defense counsel rendered effective assistance and exercised reasonable professional judgment in all significant decisions. *Vaughn*, 491 Mich at 670. The defendant must "overcome the strong presumption that counsel's performance was born from a sound trial strategy." *People v Trakhtenberg*, 493 Mich 38, 52; 826 NW2d 136 (2012). "Because the defendant bears the burden of demonstrating both deficient performance and prejudice, the defendant necessarily bears the burden of establishing the factual predicate for his claim." *Carbin*, 463 Mich at 600.

On appeal, defendant argues that defense counsel's performance was deficient because he failed to discuss the possibility of presenting character evidence with Thomas during their pretrial conversations or call her as a character witness to bolster the credibility of his self-defense theory. However, in support of his claim of error, defendant relies solely on the affidavit provided by Thomas for the instant appeal, rather than evidence contained in the lower court record. Pursuant to MCR 7.210(A)(1), the record on appeal consists of "the original papers filed in [the lower] court or a certified copy, the transcript of any testimony or other proceedings in the case appealed, and the exhibits introduced." Thus, defendant's reliance on Thomas's affidavit is misplaced, as it constitutes an improper attempt to expand the record on appeal beyond the information presented in the lower court. See *People v Williams*, 241 Mich App 519, 524 n 1; 616 NW2d 710 (2000) (providing that parties may not expand the lower court record by attaching affidavits to their briefs on appeal).

Relying solely on information contained in the lower court record, defendant has failed to establish the factual predicate for his ineffective assistance of counsel claim. Generally, "[d]ecisions regarding whether to call or question witnesses are presumed to be matters of trial strategy." *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012). Although defense counsel's decision not to call a witness can result in ineffective assistance if it deprives the defendant of a substantial defense, *id.*, it is clear from the record that defendant's self-defense theory was adequately developed at trial.

To avoid criminal liability for an assault based on a claim of self-defense, the defendant must present evidence demonstrating that a prima facie case of self-defense exists. *People v Stevens*, 306 Mich App 620, 630; 858 NW2d 98 (2014).

Under MCL 780.972(1):

"An individual who has not or is not engaged in the commission of a crime at the time he or she uses deadly force may use deadly force against another individual anywhere he or she has the legal right to be with no duty to retreat if . . .

(a) The individual honestly and reasonably believes that the use of deadly force is necessary to prevent the imminent death of or imminent great bodily harm to

himself or herself or to another individual." [*Stevens*, 306 Mich App at 630 (alteration in original).]

Defense counsel elicited testimony from defendant indicating that the incident occurred while he and Algina were in their home, a place he had a legal right to be, and that he believed he was in danger based on Algina's alleged threats and previous assaults against him. Defendant further testified that, though he did put his hands on Algina's neck, he was only trying to defend himself after Algina attacked him with a knife. Defense counsel also argued defendant's self-defense theory during his closing arguments. Thus, defendant's self-defense claim was adequately developed and presented at trial.

Because defendant was not deprived of a substantial defense by defense counsel's decision not to call Thomas as a witness at trial, defendant has failed to overcome the strong presumption that the decision was born from sound trial strategy.

However, even if we were to find that defense counsel's decisions relative to the matter of defendant's mother's testimony fell below an objective standard of reasonableness such that they constituted ineffective assistance of counsel, defendant has not overcome his burden of demonstrating the prejudice necessary to grant him relief. *Vaughn*, 491 Mich at 670. In this case, the trial court, sitting as the fact-finder, found that the physical evidence led the court to believe the victim's testimony. In support of this conclusion, the trial court stated it relied on photographs and medical records in order to properly assess which witnesses were truthful. The trial court found that during his testimony, defendant admitted to choking the victim, though he stated he had done so with his hands. However, the medical records indicated that the marks around the neck were more consistent with a cord---the same type of cord the victim testified defendant used to choke her. Additionally, medical records reveal that the type of wounds on the victim's hands were consistent with a defensive wound. This evidence was consistent with the victim's testimony. The trial court also noted that photographs of the bedroom revealed that all of the phones had been placed in the bedroom. Again, the trial court found that the physical evidence was consistent with the victim's testimony. From these findings made by the trial court, it is obvious that the trial court relied on the physical evidence in order to gauge the truthfulness of the witnesses and ultimately base its findings of guilt relative to this defendant. Therefore, even if we presume that defendant's mother did testify, and that she testified that her son was the most peaceful person she had ever encountered in her life, and a man who would never do harm to another, such evidence would not rebut the physical evidence which formed basis on which the trial court reached its decision relative to defendant's guilt. It therefore becomes obvious to this Court that even assuming ineffective assistance of counsel in this case, the record does not support defendant's contention that he was prejudiced by defense counsel's performance at trial. In the absence of this Court having any factual or legal basis on which we could find that but for counsel's deficient performance, there was a reasonable probability that the outcome of the proceeding would have been different, we must conclude that defendant is not entitled to relief on this issue. *Vaughn*, 491 Mich at 670.

Affirmed.

/s/ Michael F. Gadola
/s/ Stephen L. Borrello
/s/ Cynthia Diane Stephens