# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* DA'VEON DINWIDDIE, Minor.

---

PEOPLE OF THE STATE OF MICHIGAN,

        Petitioner-Appellee,

v

DA'VEON DINWIDDIE,

        Respondent-Appellant.

UNPUBLISHED
June 29, 2017

No. 330583
Wayne Circuit Court
Family Division
LC No. 14-518605-DL

---

Before: FORT HOOD, P.J., and CAVANAGH and RONAYNE KRAUSE, JJ.

PER CURIAM.

Respondent appeals as of right the order of disposition placing him on probation and requiring him to follow the recommendations in the Clinic for Child Study, which included individual counseling, anger management, and to undergo an Individualized Education Program ("IEP" development process). Following an adjudication and a remand hearing to clarify the burden of proof, the trial court found respondent responsible for assault and battery, MCL 750.81(1). We affirm.

Respondent argues that the victim's in-court identification of respondent was unduly suggestive. We disagree.

This issue was not raised by defense in the trial court and thus is not rightfully preserved. *Peterman v State Dept of Natural Resources*, 446 Mich 177, 183; 521 NW2d 499 (1994). See also *People v McCray*, 245 Mich App 631, 638; 630 NW2d 633 (2001) (stating that because the defendant did not object at trial to an in-court identification, the issue is unpreserved). The "intentional relinquishment" of a "known right" constitutes "waiver," and can extinguish the ability of that party to seek appellate review on the waived issue. *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000). Respondent not only failed to object to the in-court identification at trial, his counsel stated that there was no objection to the identification. Thus, the issue is waived for review. At a minimum, this issue is unpreserved.

Generally, "[t]he trial court's decision to admit identification evidence will not be reversed unless it is clearly erroneous." *People v Harris*, 261 Mich App 44, 51; 680 NW2d 17

(2004) (quotation marks and brackets omitted). "Clear error exists if the reviewing court is left with a definite and firm conviction that a mistake has been made." *Id*. However, because the issue is unpreserved, "we review the issue for plain error affecting respondent's substantial rights." *People v Roscoe*, 303 Mich App 633, 648; 846 NW2d 402 (2014). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e. clear or obvious, 3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). In order to show that a respondent's substantial rights were affected, there must be "a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id*. As such, "[r]eversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent [respondent] or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Id*. at 763-764 (quotation marks and brackets omitted).

Respondent argues that the victim's in-court identification of respondent was unduly suggestive for several reasons. More specifically, respondent argues that the identification was unduly suggestive because: (1) the victim had initially answered "no" to whether he saw "any person present in the courtroom" who was also "present in the classroom on the day of the alleged assault," before he identified him as such (2) respondent was sitting at the defense table when first identified by the victim, making it inherently suggestive, (3) Erin Walton-Doyle, M.D., testified that the victim told her "several students" assaulted him, (4) no pretrial identification or corroborating evidence of respondent's identification was admitted, and (5) there was an insufficient factual record to establish an "independent basis" for the identification. We disagree.

This Court has previously addressed the concerns that an in-court identification has an implicit suggestion of a defendant's guilt. This Court has acknowledged the implication of a seemingly "one-man showup," but found "undue suggestion does not arise merely from the fact that the authorities suspect and now accuse a certain individual." *People v Solomon*, 47 Mich App 208, 214-215; 209 NW2d 257 (1973) (LESINSKI , C.J., dissenting), rev'd for the reasons stated in dissent 391 Mich 767 (1974). "Simply because an identification procedure is suggestive does not mean it is necessarily constitutionally defective." *People v Colon*, 233 Mich App 295, 304; 591 NW2d 692 (1998). Additionally, the *Solomon* Court "[refused] to hold that [an] eyewitness identification made in a court setting where the witness is subject to cross-examination by defense counsel is, without more, impermissibly suggestive and gives rise to a substantial likelihood of irreparable misidentification." *Solomon*, 47 Mich App at 214-215. In *People v Laidlaw*, 169 Mich App 84, 92; 425 NW2d 738 (1988), the Court held that "[t]he need to establish an independent basis for an in-court identification only arises where the *pretrial* identification is tainted by improper procedure or unduly suggestive comments." (Emphasis added.)

First, with regard to respondent's claim that the in-court identification was inherently suggestive because he was sitting at the defense table, respondent fails to demonstrate that an error occurred. As stated above, the *Solomon* Court refused to hold that this type of implicit "one-man showup" is conclusive of a constitutional defect. See *Solomon*, 47 Mich App at 215. Thus, respondent's argument is untenable because the victim was subject to cross-examination on two separate occasions and respondent's counsel chose not to examine him. Additionally,

respondent's counsel never objected to the identification during trial, even when the trial court inquired as to whether there were any such objections.

Second, respondent argues that the identification was unduly suggestive because the victim originally answered "no" to whether he saw "any person present in the courtroom [who] was [also] present in the classroom on the day of the alleged assault" before being prodded into an answer. However, respondent fails to demonstrate an error occurred. The record indicates that in response to being asked " . . . other than yourself, is there anybody else in this courtroom who was also in Ms. Yenn's class on November 14th?" the victim answered "Yes." Subsequently, the victim was asked "And do you see that person in court today?" and "He's not here today?" The victim responded "no" to both questions only to later readily identify the defendant when asked what had happened that day. Contrary to respondent's argument, on his own initiative, the victim stated "the boy that's in the court right now had slammed my head on a desk," and then went on to identify "the boy that's in the court right now" as respondent, listing off what clothing he was wearing for clarity. "[This Court] scrupulously leave[s] questions of credibility to the trier of fact to resolve." *People v Ericksen*, 288 Mich App 192, 197; 793 NW2d 120 (2010). The trial court indicated, "the [c]ourt believes the testimony of [the victim]," and that there was a "positive identification in this court." The court also stated that although the case could have been resolved with a mere warning, the defendant was found left wanting of therapy and other services, which neither the parents nor the community had extended when recommended by the court. Therefore, the trial court's reconciliation of the conflicting testimony should be affirmed.

Third, respondent alleges that the identification was unduly suggestive because Dr. Walton-Doyle, who treated the victim's earache, testified that the victim had divulged that "several students" were involved, yet respondent is unable to demonstrate error. "This Court will not interfere with the trier of fact's determinations regarding the weight of the evidence[.]" *People v Stevens*, 306 Mich App 620, 628; 858 NW2d 98 (2014). Thus, because the lower court heard the testimony of all witnesses and made its conclusions on the weight of that testimony, we will not interfere here. See *id.* at 628.

Fourth, respondent argues that the identification was unduly suggestive because there was no pretrial identification to corroborate the victim's testimony. This Court disagrees. "[T]his Court has stated that positive identification by witnesses may be sufficient to support a conviction of a crime." *People v Davis*, 241 Mich App 697, 700; 617 NW2d 381 (2000). The trial court found that a positive identification of respondent occurred with no subsequent conflicting testimony. Additionally, respondent's argument is not pertinent to whether the victim's identification was unduly suggestive. Rather, its only relevance is whether respondent was prejudiced, assuming that this Court were to conclude the identification was unduly suggestive. Specifically, this argument points out that if the identification was improper (and subsequently suppressed), there is no remaining evidence that respondent was responsible for the crime. Accordingly, this argument does not advance respondent's contention that error actually occurred. While the police report submitted by the victim's mother listed two young men as possible defendants, the mother by no means implied that both young men had been involved, but rather that it was one or the other because of the twenty or so students enrolled in the class where the assault had occurred, two shared the first name disclosed by the victim, and the victim

did not provide a last name. The issue was subsequently resolved when it was determined that one of these young men listed had been suspended on the day of the assault.

Lastly, with respect to respondent's argument that an insufficient factual record existed to show an "independent basis" to support the in-court identification by the victim, respondent is unable to demonstrate that an error occurred. As stated above, an independent basis is only required to be shown when there is an unduly suggestive pretrial identification procedure. See *Laidlaw*, 169 Mich App at 92. As respondent correctly acknowledges, there was never a pretrial identification, suggestive or otherwise. Therefore, the lower court did not need to establish an independent basis for the identification. See *id*. For these reasons, respondent cannot establish plain error. See *Carines*, 460 Mich at 763.

Affirmed.

/s/ Karen M. Fort Hood
/s/ Mark J. Cavanagh
/s/ Amy Ronayne Krause