# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

KEITH CHARLES MATTHEWS,

        Defendant-Appellant.

UNPUBLISHED
August 15, 2017

No. 332078
Wayne Circuit Court
LC No. 15-005944-01-FH

Before: SHAPIRO, P.J., and GLEICHER and O'BRIEN, JJ.

PER CURIAM.

Defendant appeals his jury trial convictions of felon in possession of a firearm (felon-in-possession), MCL 750.224f, carrying a concealed weapon, MCL 750.227, and possession of a firearm during the commission of a felony (felony-firearm), second offense, MCL 750.227b. Defendant was sentenced, as a fourth habitual offender, MCL 769.12, to 1 to 10 years' imprisonment for the felon-in-possession and carrying a concealed weapon convictions as well as a mandatory consecutive five years' imprisonment for the felony-firearm, second offense, conviction. For the reasons set forth below, we affirm.

## I. INSUFFICIENT EVIDENCE

Defendant argues that the prosecution failed to present sufficient evidence for a rational trier of fact to have found beyond a reasonable doubt that he was in possession of a firearm, an essential element of all three of his convictions. We disagree.

When reviewing a challenge to the sufficiency of the evidence, we examine all evidence "in a light most favorable to the prosecution and determine whether a rational trier of fact could find the defendant guilty beyond a reasonable doubt." *People v Bailey*, 310 Mich App 703, 713; 873 NW2d 855 (2015) (quotations and citation omitted). "[C]ircumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *Id*. (quotations and citation omitted). We will not interfere with the trier of fact's

-1-

determinations regarding the weight of the evidence or the credibility of the witnesses. *People v Stevens*, 306 Mich App 620, 628; 858 NW2d 98 (2014).[1]

All three of defendant's convictions, felon-in-possession, carrying a concealed weapon, and felony-firearm, required defendant to have possessed a firearm. Felon-in-possession, MCL 750.224f, prohibits a convicted felon from possessing a firearm unless certain circumstances have been satisfied. *People v Minch*, 493 Mich 87, 91; 825 NW2d 560 (2012). The parties stipulated that defendant had previously been convicted of a felony and was ineligible to possess a firearm. Therefore, the prosecution was only required to establish that defendant was in possession of a firearm for the jury to have convicted him of being a felon-in-possession. Carrying a concealed weapon, MCL 750.227 requires the prosecution to prove that defendant carried a pistol, or other dangerous weapon, concealed on his person, in a place other than his dwelling house, place of business, or other land possessed by him, and without a license to do so. To "carry" means "to hold, transport, or take from one location to another." *People v Terry*, 124 Mich App 656, 660; 335 NW2d 116 (1983). Finally, felony-firearm, MCL 750.227b, requires the prosecution prove that defendant possessed a firearm during the commission of, or the attempt to commit, a felony. *People v Avant*, 235 Mich App 499, 505; 597 NW2d 864 (1999).

Possession may be actual or constructive, *People v Hill*, 433 Mich 464, 470; 446 NW2d 140 (1989), and is a question of fact for the fact finder to decide, see *People v Burgenmeyer*, 461 Mich 431, 440; 606 NW2d 645 (2000) (finding that when police found cocaine in a dresser drawer and a firearm on top of the dresser this was sufficient for a jury to conclude that defendant possessed the firearm while committing the felony of possession of cocaine). In support of their position that defendant had actual possession of a firearm, the prosecution presented the following testimony: after Detroit Police Officers Vincent Rogers and Ursula Miller heard gunshots fired, defendant was seen running through a townhouse complex. In search of the source of the gunshots, Officers Rogers and Miller began driving around in their scout car and eventually turned into a parking lot adjacent to the townhouse complex. Defendant was seen "coming out from the corner of the townhouse[s]," and, when he saw the scout car, turned around and began walking in the opposite direction. Defendant was then seen pulling an item out of his waistband and dropping it into a white plastic bag that had been hanging on a hand railing. From that white plastic bag, a 0.38 Smith & Wesson revolver was recovered as well as five live rounds and one spent round inside the revolver. Further, before defendant was questioned about the revolver, or informed that it had been recovered, he told Officers Rogers and Miller, "you're not going to put that gun on me."

When the foregoing evidence is viewed in a light most favorable to the prosecution, sufficient evidence was presented for the jury to have found beyond a reasonable doubt that defendant had actual possession of the revolver recovered from the white plastic bag. Accordingly, the prosecution presented sufficient evidence for a rational trier of fact to have found defendant guilty of felon-in-possession, carrying a concealed weapon, and felony-firearm.

---

[1] Challenges to the sufficiency of the evidence are reviewed de novo. *People v McGhee*, 268 Mich App 600, 622; 709 NW2d 595 (2005).

Defendant argues that the prosecution failed to conduct tests on the revolver, which would have helped to prove his innocence. However, the prosecution is not required to "negate every reasonable theory consistent with innocence to discharge its responsibility; it need only convince the jury in the face of whatever contradictory evidence the defendant may provide." *Bailey*, 310 Mich App at 713 (quotations and citation omitted). Defendant further contends that the officers' testimony was in conflict regarding the presence of a second individual at the scene. However, on the dash cam video from defendant's arrest, Officer Miller can be heard asking defendant where his "buddy," went, which suggests the presence of a second individual. Regardless of whether Officer Rogers's and Officer Miller's testimony was consistent, it is not our role to disturb the jury's determination of a witness's credibility. *Stevens*, 306 Mich App at 628. Further, whether a second individual was or was not present is immaterial to whether defendant was in possession of a firearm.

Defendant also argues that the audio/video tape that was played at trial contained questionable gaps including the absence of any gun shots, the absence of the gun itself, and the absence of any statement from defendant. At trial, Officer Rogers, Officer Miller, and the Officer-in-Charge, Detroit Police Detective Earl Monroe, were each cross-examined regarding the irregularities in the audio and video tapes played. Specifically, defendant focused on the fact that there were no shots heard on the dash camera video, the fact that the conversation between Officer Rogers and Officer Miller in the scout car was not recorded, despite their body microphones being activated, and the fact that defendant "dumping" the revolver occurred out of the frame. Although defendant "dumping" the revolver did, in fact, occur outside of the video frame, and there is no audio present on the tapes prior to defendant's arrest, sufficient evidence was presented via witness testimony to fill in these alleged gaps from which the jury could have found defendant guilty beyond a reasonable doubt of all crimes charged. Further, it is not our role to disturb the jury's determination of a witness's credibility. *Stevens*, 306 Mich App at 628. Accordingly, defendant's claim is without merit.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Second, defendant argues that he was denied the effective assistance of counsel because defense counsel failed to immediately move for a mistrial after Detective Monroe, on cross-examination, twice made reference to defendant's first trial in this matter. The crux of defendant's argument is not that defense counsel failed to move for a mistrial after Detective Monroe's comments, but rather, that defense counsel should have moved for a mistrial sooner. We disagree.[2]

There are "two components" to establishing an ineffective-assistance-of-counsel claim; the defendant must show first, "that counsel's performance was deficient," and second, that "the

---

[2] Defendant's claim of ineffective assistance was not preserved because he did not move for a new trial or for a hearing under *People v Ginther*, 390 Mich 436, 443, 212 NW2d 922 (1973). *People v Lopez*, 305 Mich App 686, 693; 854 NW2d 205 (2004). "Where claims of ineffective assistance of counsel have not been preserved, our review is limited to errors apparent on the record." *People v Matuszak*, 263 Mich App 42, 48; 687 NW2d 342 (2004).

deficient performance prejudiced the defense." *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984). Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Lockett*, 295 Mich App 165, 187; 814 NW2d 295 (2012) (citation omitted). A defendant must show that "but for counsel's deficient performance, a different result would have been reasonably probable." *People v Armstrong*, 490 Mich 281, 290; 806 NW2d 676 (2011), citing *Strickland*, 466 US at 694-696.

Defendant argues that defense counsel should have moved for a mistrial immediately after Detective Monroe referenced defendant's prior trial, and by failing to do so, the references to the first trial were allowed to "fester and solidify in the minds of the jury" and also that the jury was allowed to speculate about why there was a second trial. Defense counsel moved for a mistrial, after the conclusion of Detective Monroe's testimony. Specifically, defense counsel argued:

> This Court gave a specific instruction to the [p]rosecutor, directed her to direct her witnesses not mention anything as related to a prior trial in this particular matter, and obviously the [p]rosecutor has stated to this court that she told all of her witnesses, and the [o]fficer in [c]harge made reference to the prior trial on a couple of occasions while testifying in this matter. Based upon [sic], I'm asking the [c]ourt to declare this a mistrial.

The motion was denied.

We disagree with defendant's claim that he was denied the effective assistance of counsel. Although defense counsel's motion was not immediate, his motion was not untimely. The motion for mistrial was made after Detective Monroe had finished his testimony, but before the trial judge conducted voir dire of defendant, and before closing arguments were made. Additionally, even if defense counsel's delay in moving for a mistrial was objectively unreasonable, defendant cannot make the required showing that he was prejudiced. The trial court, on its own volition, chose to include a curative jury instruction regarding the fact "that this is the second trial because the officer in charge, Monroe, made reference to the trial in his testimony and I don't want the jury starting to speculate or wondering what's going on. So we are going to give that instruction." The trial court stated, "[t]his instruction, I think, covers the situation and we'll [sic] cure the issue. So I'm going to give that instruction[.]" The instruction was, in fact, given to the jury:

> Now, during this trial you have heard references to a prior trial. This case has been tried before. Sometimes a case must be retried before a new jury. You should not pay any attention to the fact that this is the second trial.

We presume jurors follow their instructions, *People v Breidenbach*, 489 Mich 1, 13; 798 NW2d 738 (2011), "and instructions are presumed to cure most errors," *People v Abraham*, 256 Mich App 265, 279; 662 NW2d 836 (2003). Even if defense counsel had made his motion sooner, it likely still would have been denied, because the trial judge properly found that a curative

instruction would alleviate any prejudice. Therefore, defendant cannot show that had defense counsel objected sooner, there is a reasonable probability that the outcome of his trial would have been different, and his claim of ineffective assistance of counsel lacks merit.[3]

## III. WITNESS MISCONDUCT

Finally, defendant argues that Detective Monroe committed misconduct by referencing his prior trial on cross-examination. Because "[t]he statements of law enforcement officials, along with prosecutors, hold equal potential for prejudicially influencing a jury," defendant argues he is entitled to a new trial. We disagree.

Defendant's brief on appeal attempts to present this issue in the context of prosecutorial misconduct, however, he fails to cite any case law stating that the misconduct of a witness can be imputed to the prosecution. Additionally, Detective Monroe's references to defendant's first trial were made upon cross-examination by defense counsel; the prosecutor had no role in eliciting Detective Monroe's references to defendant's first trial, and defendant provides no evidence to suggest the prosecutor did not properly instruct Detective Monroe not to mention defendant's first trial. As such, this is not a question of prosecutorial misconduct, but rather, involves witness misconduct, and extraneous information possibly considered by the jury.

When a jury is exposed to extraneous influences or information, such as references to a prior trial, several constitutionally protected rights are implicated, such that a new trial may be required. *People v Budzyn*, 456 Mich 77, 88; 566 NW2d 229 (1997).[4] To prove that an extraneous influence, such as Detective Monroe's comments here, constituted an error requiring relief, defendant must show (1) that the jury was exposed to an extraneous influence, and (2) that the influence "created a real and substantial possibility that [it] could have affected the jury's verdict." *Budzyn*, 456 Mich at 88-89. Without such a showing, an improper remark does not constitute sufficient grounds for granting a new trial. *People v Pizzino*, 313 Mich 97, 108; 20 NW2d 824 (1945). The references made to defendant's first trial by Detective Monroe explain why his testimony regarding the Michigan State Police's weapons testing procedure changed during the course of these proceedings. When these comments are viewed in context, it is clear that they were not made in an effort to diminish defendant's character, but rather, to explain the differences in his own testimony. Therefore, defendant has failed to provide any evidence to support his contention that Detective Monroe's references to the first trial "were allowed to fester and stagnate in juror minds" or his contention that defendant was prejudiced because jurors would conclude he was a bad man for being tried twice. Any prejudice to defendant was

---

[3] Defendant's argues, in the alternative, that this matter should be remanded to the trial court for a *Ginther* hearing. No motion to remand was filed by defendant pursuant to the court rules. See MCR 7.211(C)(1). Given the facts of this case, the lower court record is sufficient to allow us to evaluate defendant's claim. Thus, remanding this case to the trial court for a *Ginther* hearing is unnecessary.

[4] We review de novo questions of constitutional law. *People v Gaines*, 306 Mich App 289, 304; 856 NW2d 222 (2014).

alleviated by the trial court's curative instruction. *Breidenbach*, 489 Mich at 13; *Abraham*, 256 Mich App at 279. Accordingly, defendant's claim is without merit.

Affirmed.


/s/ Douglas B. Shapiro
/s/ Elizabeth L. Gleicher
/s/ Colleen A. O'Brien