*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MARTIN SYDNEY JONES,

        Defendant-Appellant.

UNPUBLISHED
May 14, 2019

No. 340334
Wayne Circuit Court
LC No. 17-003247-01-FC

Before: REDFORD, P.J., and MARKEY and K. F. KELLY, JJ.

PER CURIAM.

Defendant appeals by right his jury trial convictions of three counts of assault with intent to do great bodily harm less than murder ("AWIGBH"), MCL 750.84, three counts of possession of a firearm during a felony ("felony-firearm"), MCL 750.227b, and carrying a concealed weapon ("CCW"), MCL 750.227(2). Defendant was sentenced to 5 to 10 years' imprisonment for each AWIGBH conviction, two years' imprisonment for each felony-firearm conviction, and two to five years' imprisonment for the CCW conviction. We affirm.

## I. BASIC FACTS

This case arises out of a shooting at a liquor store in Detroit, Michigan. Tanisha Wilkins ("Wilkins") reversed out of her parking spot and bumped into Catherine Palmer's ("Palmer") vehicle. Defendant, who was Palmer's boyfriend at the time, heard the accident and came out of the liquor store. Wilkins was unsure whether she bumped into Palmer's vehicle, so she started to drive away, with Daymone Williams ("Daymone") in the front passenger seat and Anton Williams ("Anton") in the back seat. Defendant drew his gun and fired several shots at Wilkins's vehicle. One of the bullets struck Daymone in the back of the head.

At trial, defendant argued that he acted in self-defense because he saw Anton point a weapon at him. The jury acquitted defendant of three counts of assault with intent to murder, MCL 750.83, and convicted defendant of three counts of AWIGBH, three counts of felony-firearm, and CCW. Following sentencing, defendant filed a motion for a new trial and a motion for resentencing. In defendant's motion for a new trial, he argued that he was convicted of crimes that he did not commit because the felony information incorrectly listed the date of the

-1-

offenses as October 15, 2014, while the jury convicted defendant for crimes that occurred on October 14, 2015. In defendant's motion for resentencing, defendant similarly argued that all of his offense variables ("OVs") should have been assessed zero points because there was no trial testimony to support the date of the offense that was listed on the presentence investigation report ("PSIR"), October 15, 2014. The trial court denied defendant's motion for a new trial because the jury was instructed according to the correct date of the shooting, and there was no evidence that defendant was prejudiced by the incorrect date on the felony information. The trial court also denied defendant's motion for resentencing because there was no basis for resentencing based on a clerical error in the PSIR.

## II. DEFENDANT'S MOTION FOR NEW TRIAL

Defendant argues that the trial court abused its discretion by denying his motion for a new trial because the felony information incorrectly listed the date of the offenses as October 15, 2014, while defendant's convictions were for offenses committed on October 14, 2015, and because defendant would be prejudiced by a late amendment to the felony information. We disagree.

A trial court's decision to deny a motion for a new trial is reviewed for an abuse of discretion. *People v Miller*, 482 Mich 540, 544; 759 NW2d 850 (2008). "A trial court abuses its discretion when it chooses an outcome falling outside [the] principled range of outcomes." *People v Kowalski*, 492 Mich 106, 149; 821 NW2d 14 (2012), quoting *People v Babcock,* 469 Mich 247, 269; 666 NW2d 231 (2003).

MCL 767.76 states, in pertinent part:

[No] conviction [shall] be set aside or reversed on account of any defect in form or substance of the indictment, unless the objection to such indictment, specifically stating the defect claimed, be made prior to the commencement of the trial or at such time thereafter as the court shall in its discretion permit.

Similarly, MCR 6.112(G), the harmless error subrule of the court rule regarding indictments, states:

Absent a timely objection and a showing of prejudice, a court may not dismiss an information or reverse a conviction because of an untimely filing or because of an incorrectly cited statute or a variance between the information and proof regarding time, place, the manner in which the offense was committed, or other factual detail relating to the alleged offense.

While defendant objected to the variance between the incorrect offense date on the felony information and the correct date in the jury instructions in his motion for a new trial, defendant has failed to show that he was prejudiced by the discrepancy. "MCR 6.112(G) places the burden on defendant to demonstrate prejudice and thus establish that the error was not harmless." *People v Waclawski*, 286 Mich App 634, 707; 780 NW2d 321 (2009). Defendant merely states that he was prejudiced because he was convicted of a crime for which he was not charged. That is a mischaracterization of his true argument, that the date of the offenses on the felony information did not match the date of the offenses contained in the jury instructions.

Defendant was not prejudiced by the discrepancy between the offense date in the felony information and the offense date in the jury instructions. "The dispositive question in determining whether a defendant was prejudiced by a defect in the information is whether the defendant knew the acts for which he or she was being tried so that he or she could adequately put forth a defense." *Waclawski*, 286 Mich App at 706. Defendant advanced a theory of self-defense, arguing that he only drew his gun and shot at Wilkins's vehicle because he observed Anton point a weapon at him. It is unlikely that the correct date of the shooting on the felony information would have changed defendant's self-defense argument at trial. Therefore, defendant was not prejudiced by the incorrect offense date in the felony information. Because defendant was not prejudiced by the variance between the offense date on the felony information and the offense date in the jury instructions, the error was harmless. MCR 6.112(G).

## III. SENTENCING

Defendant argues that the trial court erred in scoring his OVs because there was no trial testimony to support that the offenses occurred on the date listed on the felony information and the PSIR. We disagree.

"Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence. Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013).

Defendant argues that MCL 769.34(2) requires the sentencing guidelines be calculated according to the date of the offense listed in the felony information and the PSIR. In pertinent part, MCL 769.34(2) states: "the minimum sentence imposed by a court of this state for a felony . . . shall be within the appropriate sentence range under the version of those sentencing guidelines in effect on the date the crime was committed." Defendant concludes that because the felony information and the PSIR listed the date of the offense as October 15, 2014, a date where no crime occurred, defendant's OVs should have been assessed zero points. Defendant's argument is a mischaracterization of MCL 769.34(2). MCL 769.34(2) only requires the sentencing guidelines be calculated according to the version of the guidelines in effect on the date of the offense. *People v Roberson*, 500 Mich 929; 889 NW2d 486 (2017). Accordingly, MCL 769.34(2) does not require the sentencing guidelines be calculated according to the conduct of a defendant on the date of the offense contained in the felony information.

Defendant argues that the trial court improperly assessed points for OVs 1, 2, 3, 9, and 13 because the trial testimony did not support that the shooting occurred on the date listed in the felony information and the PSIR. However, as stated above, the variance between the offense date on the felony information and the offense date in the jury instructions was harmless error. Although the felony information charged defendant with crimes that occurred on October 15, 2014, the jury convicted defendant of crimes that occurred on October 14, 2015. Moreover, the trial court ordered that the PSIR and the SIR report be corrected to reflect the offense date as October 14, 2015. Therefore, defendant's minimum sentencing guidelines range was properly based on the sentencing offense of AWIGBH with an offense date of October 14, 2015.

Defendant also argues that his sentence was unreasonable because the sentence was not proportional to the seriousness of the offense, amounting to a cruel and unusual punishment. A minimum sentence that is within the minimum sentencing guidelines range is "presumptively proportionate and must be affirmed." *People v Jackson*, 320 Mich App 514, 527; 907 NW2d 865 (2017). Defendant's minimum sentencing guidelines range was 34 to 67 months. The trial court sentenced defendant to a minimum of 5 years, or 60 months, for each AWIGBH conviction, 2 years, or 24 months, for each felony-firearm conviction, and 2 years, or 24 months, for the CCW conviction. Because each of defendant's minimum sentences was either within or under the minimum sentencing guidelines range, defendant cannot challenge the proportionality of his sentence. "[A] proportionate sentence is not cruel or unusual." *People v Bowling*, 299 Mich App 552, 558; 830 NW2d 800 (2013).

Defendant also argues that the prosecution's motion to correct the offense date on the PSIR and the SIR was untimely.

MCR 6.435(A) details the court's authority to correct clerical mistakes and provides:

(A) Clerical Mistakes. Clerical mistakes in judgments, orders, or other parts of the record and errors arising from oversight or omission may be corrected by the court *at any time* on its own initiative or on motion of a party, and after notice if the court orders it. [*People v Comer*, 500 Mich 278, 293; 901 NW2d 553 (2017) (emphasis added).]

MCR 6.435(A) plainly states that the trial court may correct a clerical error in a part of the record at any time. The trial court observed, and defendant agreed, that the error regarding the offense date on the felony information and PSIR was a typographical, or clerical, error. Accordingly, the prosecution was able to move for correction of the error at any time.

## IV. SUFFICIENCY OF THE EVIDENCE

Defendant argues that there was insufficient evidence for the jury to conclude beyond a reasonable doubt that defendant committed AWIGBH and felony-firearm.[1] We disagree.

"A challenge to the sufficiency of the evidence in a jury trial is reviewed de novo, viewing the evidence in the light most favorable to the prosecution, to determine whether the trier of fact could have found that the essential elements of the crime were proved beyond a reasonable doubt." *People v Gaines*, 306 Mich App 289, 296; 856 NW2d 222 (2014).

Defendant was convicted of AWIGBH and felony-firearm. "The elements of AWIGBH are (1) an attempt or threat with force or violence to do corporal harm to another (an assault), and (2) an intent to do great bodily harm less than murder." *People v Stevens*, 306 Mich App 620, 628; 858 NW2d 98 (2014) (quotation marks and citation omitted). "The intent to do great bodily

---

[1] Defendant does not challenge his CCW conviction on appeal.

harm less than murder is an intent to do serious injury of an aggravated nature." *Id*. (quotation marks and citation omitted). "Intent to cause serious harm can be inferred from the defendant's actions, including the use of a dangerous weapon or the making of threats." *Id*. at 629.

Wilkins testified that she drove her vehicle, with Daymone in the passenger seat and Anton in the back seat, to the liquor store. When Anton returned from the liquor store, Wilkins backed her vehicle out of the parking lot and backed into Palmer's vehicle. Defendant testified that when he heard Wilkins hit Palmer's vehicle, he shot at Wilkins's vehicle. Wilkins heard defendant shoot five or six times, although seven bullet casings were recovered from the parking lot of the liquor store. One of the bullets hit Daymone in the back of the head. Wilkins's vehicle also had a bullet hole in the trunk, a bullet struck the roof of the vehicle, and a bullet fragment was found on the floor between the driver's seat and the door frame. Defendant's intent to do great bodily harm less than murder can be inferred by his use of a gun. *Stevens*, 306 Mich App at 629. Viewed in the light most favorable to the prosecution, there was sufficient evidence for the jury to convict defendant of AWIGBH.

Because there was sufficient evidence that defendant committed AWIGBH, there was also sufficient evidence to convict defendant of felony-firearm. Felony-firearm requires carrying or possessing a firearm during the commission or attempt to commit a felony. MCL 750.227b(1). AWIGBH is a felony. MCL 750.84. Defendant admitted that he possessed a gun and shot the gun at Wilkins's vehicle. Therefore, there was sufficient evidence to convict defendant of felony-firearm.

Defendant's argument could also be interpreted as asserting that the prosecution failed to disprove his claim of self-defense. "Once a defendant raises the issue of self-defense and 'satisfies the initial burden of producing some evidence from which a jury could conclude that the elements necessary to establish a prima facie defense of self-defense exist,' the prosecution must 'exclude the possibility' of self-defense beyond a reasonable doubt." *Stevens*, 306 Mich App at 630, quoting *People v Dupree*, 486 Mich 693, 709-710; 788 NW2d 399 (2010), aff'd 284 Mich App 89 (2009). MCL 780.972(1) states:

> An individual who has not or is not engaged in the commission of a crime at the time he or she uses deadly force may use deadly force against another individual anywhere he or she has the legal right to be with no duty to retreat if . . .

> (a) The individual honestly and reasonably believes that the use of deadly force is necessary to prevent the imminent death of or imminent great bodily harm to himself or herself or to another individual.

The issue of whether defendant acted in self-defense was an issue of witness credibility because defendant and the victims testified to different events. "It is the jury's task to weigh the evidence and decide which testimony to believe." *People v Unger*, 278 Mich App 210, 222; 749 NW2d 272 (2008) (quotation marks and citation omitted). "All conflicts in the evidence must be resolved in favor of the prosecution and we will not interfere with the jury's determinations regarding the weight of the evidence and the credibility of the witnesses." *Id*. Defendant testified that he only shot at Wilkins's vehicle because he saw Anton point a weapon at him. However, Wilkins and Daymone testified that no one in the vehicle had a weapon. Daymone

also testified that no one in the vehicle said anything to defendant. Although defendant and the victims testified differently regarding whether Anton had a weapon, the jury determined that the prosecution sufficiently demonstrated that defendant did not act in self-defense. Accordingly, viewed in the light most favorable to the prosecution, there was sufficient evidence that defendant did not act in self-defense.

Affirmed.

/s/ James Robert Redford
/s/ Jane E. Markey
/s/ Kirsten Frank Kelly